IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| COURTNEY T.[1], | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 7:21-cv-00024 |
| | ) |
| KILOLO KIJAKAZI, Acting | )   By:  Elizabeth K. Dillon |
|   Commissioner, Social Security | )          United States District Judge |
|   Administration, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Courtney T. brought this action for review of the final decision made by defendant, Commissioner of the Social Security Administration, denying his application for disability insurance benefits under the Social Security Act. (Complaint, Dkt. No. 2.) Plaintiff and the Commissioner moved for summary judgment (Dkt. Nos. 15, 18), and pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the motion to U.S. Magistrate Judge Robert S. Ballou for a report and recommendation (R&R). On March 7, 2022, the magistrate judge issued his R&R, finding that substantial evidence supported the Commissioner's decision. (R&R, Dkt. No. 21.) Plaintiff filed objections on March 21, 2022. (Dkt. No. 22.)

The court is satisfied that there is no clear error on the face of the record in this matter. Accordingly, the court will grant the Commissioner's motion for summary judgment, deny plaintiff's motion for summary judgment, and affirm the Commissioner's decision.

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

1

I.  BACKGROUND[2]

Plaintiff filed for Supplemental Security Income (SSI) on May 3, 2018, alleging disability beginning on July 1, 2017, due to left knee replacement, arthritis, carpal tunnel in the right hand, high blood pressure, sleep apnea, gall bladder removal, hernia, and asthma.  The Administrative Law Judge (ALJ) held a hearing on June 23, 2020.  On July 7, 2020, the ALJ issued a decision denying plaintiff's claim for benefits.  (Tr. 10–22.)

The ALJ found that plaintiff suffered from the severe impairments of osteoarthritis and degenerative joint disease of his bilateral knees, morbid obesity, and asthma.  (Tr. 13.)  The ALJ determined that these impairments, either individually or in combination, did not meet or medically equal a listed impairment.  The ALJ concluded that plaintiff retained the residual functional capacity (RFC) to perform sedentary work with certain limitations.  Plaintiff requires a cane to walk but can carry small objects in his free hand.  He is limited to no more than brief, occasional exposure to dust, dirt, fumes, or other pulmonary irritants.  Also, due to his need to periodically stand and move around, plaintiff would be of task for up to a maximum of 15% of the workday.  (Tr. 14–20.)  Plaintiff had no past relevant work, but plaintiff could perform other jobs that exist in significant numbers in the national economy, such as an assembler, inspector, and office clerical worker.  (Tr. 20–21.)  Thus, the ALJ determined that plaintiff was not disabled.

II.  DISCUSSION

A.  Standard of Review

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court would ordinarily review de novo the portions of the report to which a timely

---

[2] The court adopts the recitation of facts and procedural background as set forth in the report.  (R&R 2–6.)

objection has been made.  Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

However, for an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007).  Further, objections must respond to a specific error in the report and recommendation.  *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver.  *Id.*  Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object.  *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010).  As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014)).  Because "the purpose of magistrate review is to conserve judicial resources," a "mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v. Comm'r of Soc. Sec.*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015); *see also Hammack v. Berryhill*, Civil Action No. 7:16cv00314, 2017 WL 4203545, at *2 (W.D. Va. Sept. 21, 2017) ("A plaintiff who reiterates her previously raised arguments will not be given 'the second bite at the apple she seeks'; instead, her re-filed brief will be treated as a general objection, which has

the same effect as would a failure to object.") (quoting *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008)).

In this matter, the court has concluded that while plaintiff filed a timely objection, the submission is not a valid objection. Therefore, the court "need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

**B. Objections to the R&R**

In his objection to the R&R, plaintiff argues that R&R erred in concluding that the ALJ properly reviewed the record and assessed the impact of plaintiff's obesity on his RFC. Plaintiff also argues that the R&R was wrong when it concluded that the ALJ correctly addressed his subjective allegations. (*See* Dkt. No. 22.) Plaintiff made the exact same arguments in his summary judgment brief with respect to the ALJ's analysis. (*See* Pl.'s Mem. in Supp. of Mot. for Summ. J. 13, Dkt. No. 16 ("The ALJ failed to conduct any analysis of the impact of plaintiff's obesity upon his other impairments and RFC."); *id.* at 14 ("It is not enough for the ALJ to state he considered plaintiff's obesity. Instead, the ALJ must explain how he considered plaintiff's obesity and what effect (if any) his obesity has upon his RFC."); *id.* at 23 ("As outlined above, the reasons given by the ALJ in finding plaintiff's allegations are not entirely consistent with the evidence of record are themselves not supported by substantial evidence.").)

As the court has stated on many occasions, it is not necessary for the court to address the exact same arguments raised before and thoroughly addressed by the magistrate judge. In this context, the court will not consider plaintiff's objections. Objections to the magistrate judge's R&R should be focused on errors in analysis by the magistrate judge. Plaintiff's objections do

4

not, for example, assert that the magistrate judge misconstrued or misunderstood the arguments presented in plaintiff's summary judgment brief or at oral argument. If the magistrate judge did not make such an error, then an objection, such as this, that simply rehashes that which was considered by the magistrate judge is a waste of judicial resources.

For these reasons, and having determined that there is no clear error on the face of the record, the court will adopt the magistrate judge's R&R.

### III.  CONCLUSION AND ORDER

Upon reviewing the record here, the court is satisfied that there is no clear error. Accordingly, the court hereby ORDERS as follows:

1. The R&R (Dkt. No. 21) is ADOPTED;

2. Plaintiff's objections (Dkt. No. 22) are DISMISSED;

3. The Commissioner's motion for summary judgment (Dkt. No. 18) is GRANTED;

4. Plaintiff's motion for summary judgment (Dkt. No. 15) is DENIED; and

5. The Commissioner's decision is AFFIRMED.

An appropriate judgment order will be entered.

Entered: March 25, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge